Michele R. Stafford, Esq. (SBN 172509)
TUCKER ARENSBERG, LLP
1098 Foster City Boulevard, Ste. 106 #700
Foster City, CA  94404
Telephone: (650) 514-6238
Email: mstafford@sjlawcorp.com

Attorneys for Plaintiffs, International Painters and Allied Trades Industry Pension Fund, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; <br><br> TERRY NELSON, Trustee of the INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND; and <br><br> FINISHING TRADES INSTITUTE *fka* INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES JOINT APPRENTICESHIP AND TRAINING FUND, <br><br> Plaintiffs, <br><br> v. <br><br> PINNACLE INSTALLATIONS, INC., a California Corporation, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

Parties

1. The International Painters and Allied Trades Industry Pension Fund ("Pension Fund") is a multiemployer benefit fund as defined by the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(2), (3), (21), § 1009(C) (1), (B), and §1132. The Trustees for the

1

**COMPLAINT**
Case No.:

Pension Fund are fiduciaries within the meaning of 29 U.S.C. §§1102(a) and 1002(16), (21). The Finishing Trades Institute ("FTI"), formerly known as the International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund, is an employee benefit plan within the meaning of 29 U.S.C. §1002(37), (1), and (3). The Pension Fund, and FTI are collectively referred to herein as the "ERISA Plaintiffs".

2. The Political Action Together Fund, which includes the Political Action Together Legislative and Educational Committee and the Political Action Together Political Committee (collectively "PAT Fund"), is an unincorporated association or fund established pursuant to 52 U.S.C. §30101 *et seq.* by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

3. The Painters and Allied Trades Finishing First ("FF"), formerly known as the Labor Management Cooperation Initiative ("LMCI"), is a joint labor and management initiative and is an unincorporated organization established under 29 U.S.C. §186(c)(9) for one or more of the purposes set forth in section 5(b) of the Labor Management Cooperation Act of 1978. The PAT Fund and FF are hereinafter referred to as "Bargained Entities."

4. Plaintiff Terry Nelson ("Nelson") is a fiduciary of the Pension Fund within the meaning of 29 U.S.C. §1002(21) with respect to the collection of contributions and other amounts due to all Plaintiffs. The Pension Fund and Nelson, in their capacities as authorized collection fiduciaries and agents, bring this action on behalf of the Pension Fund, FTI, PAT Fund and FF. The ERISA Plaintiffs and the Bargained Entities are jointly and severally referenced herein as the "Plaintiffs" or the "Funds."

5. Pinnacle Installations, Inc., a California corporation ("Defendant") is an employer by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2).

## Jurisdiction

6. Jurisdiction in this action arises under ERISA § 502 and 515, 29 U.S.C. § 1132, and 1145, in that Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA as a result of Defendant's failure to comply with the terms of its

collective bargaining and/or other labor agreement(s), entered into with its affiliated local union and/or district council.

7. Jurisdiction exists in this Court by virtue of the Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that Plaintiffs seek to enforce the terms and conditions of a valid collective bargaining and/or other labor agreement.

8. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

## Venue

9. Venue is conferred upon this Court by § 502, 29 U.S.C. § 1132. Where an action is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. The Defendant may be found at its principal place of business located in San Leandro, California. Thus, jurisdiction and venue are properly grounded with this Court.

10. Venue exists in this Court with respect to the claims under LMRA § 301, 29 U.S.C. §185, as this Court has jurisdiction over the parties, as the International Union of Painters and Allied Trades (the "Union") maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

## Bargaining Agreement

11. At all times relevant to this action, Defendant was party to or agreed to abide by the terms and conditions of a collective bargaining and/or other labor agreement(s) ("Bargaining Agreement") with one or more local labor union(s) and/or district council(s) affiliated with the International Union of Painters and Allied Trades, AFL CIO, CLC (the local labor union(s), district council(s) and International Union are referred to collectively as "Union").

12. Under the terms of the Bargaining Agreement and the governing documents of the ERISA Plaintiffs (the "Trust Agreements"), which are incorporated into the Bargaining Agreement and made binding on Defendant, Defendant is required to regularly pay to the ERISA Plaintiffs, the Bargained

Entities, and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are required to be made on a timely basis during the month following the month in which the hours were worked and are considered delinquent if not received timely during that month. Defendant is also required, pursuant to the Bargaining and/or Trust Agreements, to pay liquidated damages for each delinquent contribution. The Bargaining and/or Trust Agreements also provide that interest accrues on delinquent contributions at the rates reasonably set by the Boards of Trustees from the day contributions become delinquent until paid.

13.     The Bargaining Agreement and/or Trust Agreements further require that Defendant maintain time records or timecards and submit any and all relevant records to Plaintiffs for examination to determine whether Defendant is making full and prompt payment of all sums required to be paid by Defendant to Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due, Defendant must reimburse Plaintiffs for the amounts due, including audit fees and attorneys' fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements. Plaintiffs hereby reserve the right to complete an audit and claim all amounts found due.

14.     The Trust Agreement for the Pension Fund, Article I expressly provides that: All [such] Employer Contributions are, and shall be considered as, plan assets from the date on which the hours (whether worked or paid) for which the Contributing Employer is obligated to pay contributions to the Fund accrue, whether or not such Employer Contributions are collected or received by the Fund. No Contributing Employer has any right, title or interest to any sum payable by the Contributing Employer to the Fund, but not yet paid into the Fund. Title to all Employer Contributions paid into and/or due and owing to the Fund shall be vested in the Trustees of the Fund.

### Factual Allegations

15.     Defendant has failed to pay contributions and/or contribution shortages in the total amount of $47,964.15 due for work performed by Defendant's employees during the periods from August 2021 through January 2022, March through May 2022 and August through November 2022. Liquidated damages in the total amount of $9,592.82 and interest in the total amount of $1,680.07 have been incurred and are owed to Plaintiffs for these unpaid contributions. Interest continues to accrue on

the unpaid amounts.

16. Defendant has failed to pay amounts found due to Plaintiffs as a result of an audit of Defendant's payroll records for the period from May 1, 2017 through September 30, 2020, including contributions in the amount of $8,323.55. Liquidated damages in the amount of $1,664.71 and interest in the amount of $1,441.22 have been incurred and are owed to Plaintiffs for the unpaid contributions for that period.

17. Plaintiffs are also entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, including those found due on timecards, audit, or otherwise, and estimated contributions for any months Defendant failed to report to Plaintiffs, through the time of Judgment, including those specified above. Plaintiffs reserve the right to conduct an audit or a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**

**For Payment of Audit, Delinquent Contributions, Interest, Liquidated**

**Damages, Attorneys' Fees and Costs Against Defendant**

18. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 17, above.

19. As set forth above, Defendant has failed to:

   (a)   pay contributions and/or contribution shortages in the total amount of $47,964.15, liquidated damages in the total amount of $9,592.82 and interest in the total amount of $1,680.07, incurred for the said unpaid contributions

   (b)   pay amounts found due to Plaintiffs as a result of an audit of Defendant's payroll records, including contributions in the amount of $8,323.55, liquidated damages in the amount of $1,664.71, and interest in the amount of $1,441.22.

20. Liquidated damages and interest have been incurred and are owed to Plaintiffs for any unpaid contributions for any unreported months, and interest continues to accrue on all unpaid delinquent contributions.

21. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs pursuant to the Bargaining Agreement and Trust Agreements. In addition, Defendant has a statutory

duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

22. Individual Defendant Douglas Henry Whitsett as an officer, director and/or other representative of Defendant exercised a level of control over corporate assets sufficient to make him an ERISA plan fiduciary and thus individually liable for the contributions and other amounts owed to Plaintiffs.

23. By failing to make the required payments to Plaintiffs, Defendant breached the Bargaining Agreement and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

24. Defendant's failure to pay the required contributions plus liquidated damages, and interest thereon and on late-paid contributions, was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreement and incorporated Trust Agreements by failing to pay all amounts owed as alleged.

25. Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss, and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

26. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

27. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. The ERISA Plaintiffs and the Bargained Entities expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' and the Bargained Entities' Plan Documents, Trust Agreements, and the law.

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

   (a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

    i. To ERISA Plaintiffs and the Bargained Entities, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreement;

   (b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

   (c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreement, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

  2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreement for all Bargained Entities; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

  3. For an order,

   (a) requiring that Defendant to comply with its obligations to Plaintiffs under the terms of the Bargaining Agreement and the Trust Agreements, including permitting an audit of its records if requested by Plaintiffs;

   (b) enjoining Defendant from violating the terms of those documents and of ERISA; and;

   (c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operating of Defendant's business until said terms have been complied with.

  4. That the Court retain jurisdiction of this case pending compliance with its orders.

//

//

**COMPLAINT**
Case No.:                          TADMS:11358359-1 037926-195341

5. For such other and further relief as the Court may deem just and proper.

Date: March 6, 2023

TUCKER ARENSBERG, LLP

By: /s/ Michele R. Stafford
Michele R. Stafford, Esquire

Attorneys for Plaintiffs, International Painters and Allied Trades Industry Pension Fund, et al.