Michele R. Stafford, Esq. (SBN 172509)
TUCKER ARENSBERG, LLP
1098 Foster City Boulevard, Ste. 106 #700
Foster City, CA  94404
Telephone: (650) 514-6238
Email: mstafford@sjlawcorp.com

Attorneys for Plaintiffs, International Painters and
Allied Trades Industry Pension Fund, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PINNACLE INSTALLATIONS, INC., a California Corporation, et al., <br><br> Defendant. | Case No.: 4:23-cv-01008-KAW <br><br> **JUDGMENT PURSUANT TO STIPULATION** <br><br> **AS MODIFIED** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties hereto that a Judgment by Stipulation shall be entered in the within action in favor of Plaintiffs International Union of Painters and Allied Trades Industry Pension Fund et. al. (collectively "Plaintiffs" or "Pension Fund") and against Pinnacle Installations, Inc., a California corporation and Defendant Douglas Henry Whitsitt, an individual, as follows:

1.    Defendant Pinnacle Installations, Inc. is signatory to and bound by the terms of a Collective Bargaining Agreement(s) ("Bargaining Agreement") with one or more local labor union(s) and/or district council(s) affiliated with the International Union of Painters and Allied Trades, AFL CIO, CLC. The Bargaining Agreement(s) is/are still in full force and effect.

2.    Douglas Henry Whitsitt ("Guarantor") confirms that he is authorized to enter into this

1

Stipulation on behalf of Defendant Pinnacle Installations, Inc., and confirms that he is personally guaranteeing the amounts due herein. Guarantor also confirms that he shall be added as a Defendant to the above-captioned action.

3.     Defendant Douglas Henry Whitsitt and Defendant Pinnacle Installations, Inc. (collectively "Defendants") specifically consent to the Court's jurisdiction, and in accordance with the provisions of 28 U.S.C. § 636(c), <u>Defendants voluntarily consent to the use of a Magistrate Judge</u> if necessary/required for any and all proceedings, including entry of judgment herein. Defendants further confirm that all successors in interest, assigns, and affiliated entities (including, but not limited to, parent or other controlling companies), and any companies with which Defendant Pinnacle Installations, Inc. joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Defendant Douglas Henry Whitsitt is an officer, owner or possesses any controlling ownership interest. All such entities shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings, and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

//

//

//

//

//

//

//

//

//

//

//

//

//

**JUDGMENT PURSUANT TO STIPULATION**
**AS MODIFIED Case No.: 4:23-cv-01008-KAW**

TADMS:11358359-1 037926-195341

4.    Defendants are currently indebted to the Pension Fund as follows[1]:

| Audit (5/1/17-9/30/20): | |
|---|---|
| Contributions: | $8,323.55 |
| 20% Liquidated Damages: | $1,664.71 |
| 5% per annum Interest (through 6/30/21): | $753.80 |
| 5% per annum Interest (7/1/21-2/23/23): | $687.42 |
| **Subtotal, Audit:** | **$11,429.48** |

| Additional Amounts Due: | | | | | |
|---|---|---|---|---|---|
| **Work Month** | **Total Contributions** | **Unpaid Contributions** | **20% Liquidated Damages** | **5% Interest (through 2/23/23)** | **Subtotals** |
| 8/21 (ADM-1) | $2,805.40 | $2,805.40 | $561.08 | $195.99 | $3,562.47 |
| 8/21 (ADM-3) | $1,028.16 | $1,028.16 | $205.63 | $71.83 | $1,305.62 |
| 9/21 (ADM-3) | $843.20 | $843.20 | $168.64 | $55.33 | $1,067.17 |
| 9/21 (ADM-3) | $524.16 | $524.16 | $104.83 | $34.39 | $663.38 |
| 10/21 (ADM-1) | $3,254.09 | $3,254.09 | $650.82 | $200.15 | $4,105.06 |
| 11/21 (ADM-1) | $2,858.78 | $2,551.80 | $510.36 | $146.12 | $3,208.28 |
| 11/21 (ADM-3) | $935.28 | $935.28 | $187.06 | $53.55 | $1,175.89 |
| 12/21 (ADM-1) | $3,597.19 | $3,597.19 | $719.44 | $190.70 | $4,507.33 |
| 12/21 (ADM-3) | $1,150.81 | $1,150.81 | $230.16 | $61.01 | $1,441.98 |
| 1/22 (ADM-1) | $3,062.68 | $1,394.82 | $278.96 | $68.59 | $1,742.37 |
| 3/22 (ADM-1) | $374.40 | $374.40 | $74.88 | $15.28 | $464.56 |
| 3/22 (ADM-1) | $7,005.09 | $3,850.51 | $770.10 | $157.19 | $4,777.80 |
| 3/22 (ADM-3) | $1,304.20 | $1,304.20 | $260.84 | $53.24 | $1,618.28 |
| 4/22 (ADM-3) | $1,048.75 | $1,048.75 | $209.75 | $38.36 | $1,296.86 |
| 5/22 (ADM-3) | $1,288.85 | $1,288.85 | $257.77 | $41.84 | $1,588.46 |
| 8/22 (ADM-1) | $4,750.88 | $4,750.88 | $950.18 | $94.37 | $5,795.43 |
| 8/22 (ADM-3) | $1,591.32 | $1,591.32 | $318.26 | $31.61 | $1,941.19 |
| 9/22 (ADM-1) | $3,872.82 | $3,872.82 | $774.56 | $60.48 | $4,707.86 |
| 10/22 (ADM-1) | $4,563.66 | $4,563.66 | $912.73 | $52.51 | $5,528.90 |
| 10/22 (ADM-3) | $1,180.08 | $1,180.08 | $236.02 | $13.58 | $1,429.68 |
| 11/22 (ADM-1) | $4,652.42 | $4,652.42 | $930.48 | $33.78 | $5,616.68 |
| 11/22 (ADM-3) | $1,401.35 | $1,401.35 | $280.27 | $10.17 | $1,691.79 |
| **Subtotals:** | | **$47,964.15** | **$9,592.82** | **$1,680.07** | **$59,237.04** |
| Attorneys' Fees (through 1/31/23): | | | | | $2,547.00 |
| Costs (Complaint Filing Fee): | | | | | $402.00 |
| **Subtotal, Other Amounts Due:** | | | | | **$62,186.04** |
| ***JUDGMENT TOTAL:*** | | | | | **$73,615.52** |

---

[1] To the extent that any additional liquidated damages and/or interest on late-paid contributions for Work Months that are not included in the chart above are owed, the liquidated damages shall be included in the conditional waiver. The interest shall be paid with the final conditional payment owed under this Stipulation.

**JUDGMENT PURSUANT TO STIPULATION**
**AS MODIFIED Case No.: 4:23-cv-01008-KAW**                                  TADMS:11358359-1 037926-195341

1

## **REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION**

2
   5.    **Notice requirements** pursuant to the terms of this Stipulation are as follows:

3
      a)    Notices to Defendants: Douglas Henry Whitsitt, Pinnacle Installations, Inc., 730
4
      Whitney Street, San Leandro, CA  94577; email: doug@pinninc.com, copy to
      julie@pinninc.com

5
      b)    Notices to Plaintiffs: Michele R. Stafford, Tucker Arensberg LLP,  1098 Foster
6
      City Blvd, Suite 106 #700, Foster City, CA 94404; email:
      mstafford@tuckerlaw.com, copy to ecotterill@tuckerlaw.com

7

8
   6.    The requirements pursuant to the terms of this Stipulation are as follows:

9
      a)    **Monthly Payments**: Defendants shall pay the total amount of **$62,357.99**,
10
representing all of the amounts stated above, less *conditionally waived* liquidated damages in the

11
amount of $11,257.53 ($1,664.71 assessed on the audit plus $9,592.82 assessed on the additional

12
amounts, as shown above).

13
         i)    Payments in the amount of **$5,485.00 per month** shall begin on March 15,
14
2023 and continue on or before the 15th day of each month thereafter for a period of **twelve (12)** months.

15
Payment shall be made electronically, by ACH or Wire Transfer to the *IUPAT Combined Funds* account

16
at the Northern Trust Company, 50 South LaSalle Street, Chicago, IL  6067, with the reference

17
"Pinnacle," to the ABA/Account numbers specified in the IUPAT Pension Fund Electronic Transfer

18
Instructions, which Defendants acknowledge having received from Plaintiffs' counsel. Additional

19
copies of these Instructions can be obtained from Michele R. Stafford upon request.

20
         ii)    Defendants shall have the right to increase the monthly payments at any
21
time and there is no penalty for prepayment.

22
         iii)    Payments shall be applied first to interest, at the rate of 10% per annum in
23
accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on

24
February 24, 2023.

25
      b)    **Contributions:** Beginning with contributions due for hours worked by
26
Defendants' employees during the month of **December 2022** and for every month thereafter until this

27
Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to

28
Plaintiffs under the terms of the Collective Bargaining Agreement(s) to which it is signatory.

JUDGMENT PURSUANT TO STIPULATION
AS MODIFIED Case No.: 4:23-cv-01008-KAW

TADMS:11358359-1 037926-195341

1         c)   **Job Reports:** Beginning with the month of **January 2023** and for every month

2    thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs

3    with fully completed job reports on the form attached hereto as *Exhibit A* via email to

4    mstafford@tuckerlaw.com and ecotterill@tuckerlaw.com. Defendants' January 2023 and February

5    2023 job reports will be due on March 15, 2023. All subsequent reports shall be provided on or before

6    the 15th day of each month. Defendants may request a fillable job report from Michele R. Stafford. Upon

7    request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

8         d)   **Audit:** Should the Trust Funds request an audit of Defendants' payroll records

9    pursuant to the requirements of the Bargaining Agreement(s) and/or Trust Agreements, Defendants

10   must contact the auditor within seven (7) days of receiving notice, and must schedule the audit.

11         i)   In the event that amounts are found due to Plaintiffs as a result of the audit,

12   Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In the

13   event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford

14   at the address provided above.

15         ii)   In the event that Defendants dispute the audit findings, Defendants must

16   provide the dispute in writing, with all supporting documentation, within ten days of the date of the

17   demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are

18   not made, payment will be immediately due. If revisions are made, payment in full of the revised amount

19   shall be immediately due.

20         iii)   If Defendants are unable to make payment in full, Defendants may submit

21   a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants

22   shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to

23   execute the revised agreement shall constitute a default of the terms herein.

24         iv)   Failure by Defendants to submit either payment in full or a request to add

25   the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations

26   under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

27        e)   **Fees:** Defendants shall pay all additional attorneys' fees and costs incurred

28   through Satisfaction of Judgment, whether or not a default occurs.

**JUDGMENT PURSUANT TO STIPULATION
AS MODIFIED Case No.: 4:23-cv-01008-KAW**    TADMS:11358359-1 037926-195341

7.      In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Judgment Pursuant to Stipulation has been fully satisfied:

| **Required Submissions** | **Delivery deadlines**[2] | **Delivery locations** |
|---|---|---|
| **Stipulated payments in the amount of $5,485.00** *to IUPAT Combined Funds* | 15th day of each month (3/15/23 - 2/15/24) | ACH or Wire Transfer to: <u>Bank</u>: Northern Trust Company, 50 South LaSalle Street, Chicago, IL  60675 <br><br> <u>Account</u>: IUPAT Combined Funds <br><br> <u>ABA/Account number</u>: *See* IUPAT Pension Fund Electronic Transfer Instructions; with copies of payment confirmation to mstafford@tuckerlaw.com and ecotterill@tuckerlaw.com |
| **Current contribution reports and payments** | Timely, as required by the terms of Defendants' Collective Bargaining Agreement(s) (beginning with 12/22 hours) | As required by the terms of Defendants' Collective Bargaining Agreement(s); with copies via email to mstafford@tuckerlaw.com and ecotterill@tuckerlaw.com |
| **Completed job reports** (form attached as Exhibit A to Stipulation) <br><br> **and Certified Payroll** (if requested) | 15th day of each month (beginning 3/15/23, for 1/23-2/23 hours; 4/15/23 for 3/23 hours) | Via email to mstafford@tuckerlaw.com <br><br> Copy to: ecotterill@tuckerlaw.com |

8.      Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

---

[2] If this Stipulation has not been fully satisfied by 2/15/24 all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court

**JUDGMENT PURSUANT TO STIPULATION AS MODIFIED Case No.: 4:23-cv-01008-KAW**

TADMS:11358359-1 037926-195341

1

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

2

3       9.      If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default

4   *within seven (7) days of the date of the notice from Plaintiffs*. In the event default is not cured within

5   the required time frame, all amounts remaining due hereunder (after application of principal payments

6   made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any

7   conditionally      waived      liquidated      damages,      additional      (current)      contributions/liquidated

8   damages/interest, plus interest on the declining balance and additional attorneys' fees and costs incurred

9   herein.

10      10.     Any unpaid or late-paid contributions, together with 20% liquidated damages and 10%

11  per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect

12  any contributions and related amounts not included herein. This includes, but is not limited to, any

13  amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants

14  fail to submit a report for any month, contributions shall be estimated pursuant to Pension Fund policy.

15  Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts

16  determined as due.

17      11.     A Writ of Execution and/or other similar documents or orders may be obtained without

18  further notice, in the amount of the unpaid balance plus any additional amounts due under the terms

19  herein. Such Writ of Execution and/or other similar documents or orders may be obtained solely upon

20  declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date

    of default.

21

## MISCELLANEOUS PROVISIONS

22      12.     The above requirements remain in full force and effect regardless of whether or not

23  Defendant Pinnacle Installations, Inc.'s account with the Pension Fund is active, or whether Defendant

24  Pinnacle Installations, Inc. is signatory to a Collective Bargaining Agreement. If, for any reason,

25  Defendant Pinnacle Installations, Inc. has no work to report during a given month, Defendants shall

26  submit the job report form (Exhibit A attached hereto) indicating that there are no current jobs. If

27  Defendant Pinnacle Installations, Inc. has no contributions to report, Defendants shall submit the

28  applicable contribution report stating "no employees."

JUDGMENT PURSUANT TO STIPULATION
AS MODIFIED Case No.: 4:23-cv-01008-KAW                                    TADMS:11358359-1 037926-195341

13.    Payments made by joint check shall be endorsed on behalf of Defendants prior to submission, and may be applied toward Defendants' monthly stipulated payment, provided that the issuer of the joint check is not requesting a waiver/release in exchange for the payment. Joint checks for which a release is requested may not be applied toward Defendants' monthly stipulated payment, but shall be deducted from the total balance owed under this Stipulation, provided the payment is for contributions included in this Stipulation.

14.    Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as to the final amount due, including additional interest, any current contributions and related amounts, and all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein. Any additional amounts due shall be paid in full with the final stipulated payment due on 2/15/2024.

15.    The conditional waiver of liquidated damages shall be presented to the Delinquency Subcommittee for the Pension Fund and/or its authorized representative(s) for consideration only after all amounts due under the terms of this Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the waiver is not granted, the liquidated damages will be immediately due. The waiver may be granted with further conditions, such as paying timely and remaining current for an additional period of time.

16.    Defendants waive any notice of Entry of Judgment or of any Request for a Writ of Execution and/or other similar documents or orders, and expressly waive all rights to stay of execution and appeal.

17.    Any failure on the part of Plaintiffs to take any action as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

18.    The parties agree that any payments made pursuant to the terms of this Stipulated Judgment shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or otherwise.

19.    Should any provisions of this Stipulation be declared or determined by any court of

**JUDGMENT PURSUANT TO STIPULATION**
**AS MODIFIED Case No.: 4:23-cv-01008-KAW**                    TADMS:11358359-1 037926-195341

competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

20.    This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, the Trust Agreement(s) incorporated into the related Bargaining Agreements, and applicable laws and regulations.

21.    This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

22.    This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

23.    Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

//

//

//

//

//

//

//

//

//

9

1    24.    The parties agree that the Court shall retain jurisdiction of this matter until this Stipulated

2  Judgment is satisfied.

3    DATED: February 28, 2023                    **PINNACLE INSTALLATIONS, INC.**

4

5                                    By:  /S/ Douglas Henry Whitsitt

6                                         Douglas Henry Whitsitt, Authorized Representative
                                         of Defendant Pinnacle Installations, Inc.
7

8    DATED: February 28, 2023                    **DOUGLAS HENRY WHITSITT**

9

10                                   By:  /S/ Douglas Henry Whitsitt

                                         Individual Defendant/Guarantor
11

  DDATED: February ___, 2023                   **INTERNATIONAL PAINTERS AND ALLIED**
12                                              **TRADES INDUSTRY PENSION FUND ET. AL.**

13

14                                   By:  /S/ Terry Nelson

                                         Terry Nelson, Trustee and Fiduciary
15  IT IS SO ORDERED.

16  IT IS FURTHER ORDERED that the Court shall retain jurisdiction over this matter.
  Parties are to file a dismissal or joint status report by February 28, 2024.
17

18  DATED: March 21, 2023            _____

19                                   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28